**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BRENDA L. QUANSTROM,

        Plaintiff,

v.                                                          Case No. 6:15-cv-990-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**ORDER**

    This cause is before the Court on U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 16), filed June 23, 2016. Upon consideration, the Court finds that the Report and Recommendation is due to be adopted.

    In this Social Security appeal, Plaintiff challenges the Commissioner's decision to deny her social security disability benefits. (Doc. 1.) On June 23, 2016, U.S. Magistrate Judge Gregory J. Kelly issued a detailed eighteen-page Report and Recommendation ("**R&R**") chronicling the protracted history of the instant disability claim. (Doc. 16.) As summarized in the R&R, the record reveals: (1) that the present action is Plaintiff's *fourth* request for reversal and remand from a final decision as to a single claim;[1] and (2) gross mismanagement of that claim over a fourteen-year period. (*See id.* at 1–6.) As for the instant appeal, Magistrate Judge Kelly found that, in denying Plaintiff's claim for social security benefits, the administrative law judge ("**ALJ**"): (1) materially mischaracterized a medical opinion of Plaintiff's physician; and (2) failed to follow the correct legal standards

---

[1] Plaintiff's first three requests for reversal and remand were granted. (*See* Doc. 16, pp. 1–6.)

as to the remaining medical opinions. (*Id.* at 8–16.)

Consequently, Plaintiff requests remand for an award of benefits on grounds that the fourteen-year history of the instant claim, coupled with the current errors in the present appeal, constitute a grave injustice. (*See* Doc. 16, p. 16.) Magistrate Judge Kelly agrees. (*Id.* at 16–17.) Perhaps the most revealing portion of the R&R is the following analysis:

> Having carefully considered [Plaintiff's] argument, the lengthy history of this case, as well as the nature, extent[,] and persistence of the errors in this case, the undersigned agrees that [Plaintiff] has suffered an injustice and another remand for further proceedings would only exacerbate that injustice. There is no just reason why a proper decision on the merits that accurately characterizes, considers, and weighs the medical evidence regarding [Plaintiff's] mental impairments, which is supported by substantial evidence, could not have been issued in the past fifteen years. The errors committed by the ALJ in this case, as well as each of the prior remands, include, but are not limited to failing to follow the correct legal framework in SSI[2] cases . . ., failing to follow the unequivocal directives of the Appeals Council on remand . . ., and failing to provide [Plaintiff] with notice of the Appeals Councils' decision for more than four years . . . . Indeed, the Commissioner continues to err with respect to [Plaintiff's] SSI claims beyond August 3, 2011. Given the entire record and history of this case, the undersigned finds that [Plaintiff] has suffered a grave injustice.

(*Id.* (citations omitted).) Ultimately, Magistrate Judge Kelly recommends that the Court reverse and remand this case for an award of benefits from February 28, 2001, through August 3, 2011. (*Id.* at 17.) Neither party objected to the R&R and the time for doing so has expired.

Having independently reviewed the R&R for fairness and in the absence of any objection, this Court completely agrees with Magistrate Judge Kelly and adopts the R&R

---

[2] Supplemental Security Income.

2

in its entirety. *See* 28 U.S.C. § 636(b)(1) (suggesting that a de novo review is only required when a party objects to the proposed findings and recommendations). The Court, therefore, finds that the Commissioner's decision is due to be reversed. The Undersigned writes separately only to underscore that the Court is deeply troubled by the manner in which this case has been handled at the administrative level and to add this voice to Magistrate Judge Kelly's observations. Social Security disability benefits are intended to be a lifeline to those unable to engage in gainful employment. However, even with the most attentive handling, the hurdle to qualifying and obtaining those benefits is exacting and arduous. Commonly, the needs of the applicant go unmet for long stretches of time as the claim winds its way through the administrative and legal process. Procedural and evidentiary safeguards are, of course, essential to ensure that scarce tax resources in the form of benefits are limited to only those who meet the stringent standards for establishing entitlement. Thus, the need to protect against fraud requires close examination of each individual claim. Nevertheless, it is clear that the handling of this claim at the administrative level has been a travesty by any objective measure and has worked to inflict a grave injustice upon the Plaintiff.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 16) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.
2. The decision of the Commissioner is **REVERSED** and **REMANDED**. On remand, the Commissioner shall calculate an award of benefits from February 28, 2001, through August 3, 2011, and award Plaintiff the same.
3. The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff, Brenda

L. Quanstrom, and against Defendant, Commissioner of Social Security.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 15, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record